Enoch King **JARRETT**, Petitioner—Appellant,

v.

Bill **LOCKYER**, Attorney General, Attorney General for the State of California; et al., Respondents—Appellees.

No. 05–56260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided Aug. 2, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

Appellant Enoch King Jarrett appeals the district court's denial of his petition for habeas relief from his California state conviction on one count of attempting to commit a lewd act upon a child, seven counts of attempting to send harmful matter to a minor over the internet, and one count of attempting to send harmful matter to a minor over the telephone. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We do not approve of or endorse the procedure of allowing jurors to take graphic, pornographic pieces of evidence home with them during the course of a criminal trial. We also, however, cannot say the California Court of Appeal, in holding that defense counsel's assent to this procedure waived appellant's claims that his constitutional rights were violated, issued a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Generally, "[t]he most basic rights of criminal defendants are ... subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). In certain cases structural error may bar waiver, *see id.* at 937, 111 S.Ct. 2661, but these constitute a "very limited class of cases." *Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

Appellant has not cited any Supreme Court opinion holding that it is constitutional error for the trial court, with the assent of defense counsel, to permit at-home perusal of exhibits by jurors. Moreover, counsel may have assented to this procedure to advance the defendant's position that he thought his correspondent was not a minor. Any harms arising therefrom are distinguishable from the set of harms that constitute structural error. *See id.*

**AFFIRMED.**

D.W. NELSON, Senior Circuit Judge, concurring:

I agree with my colleagues' conclusion that the deferential AEDPA standard of review precludes relief in the instant case. There is simply no federal law explaining that it is inappropriate and unconstitutional to—on multiple occasions—permit the jury to take home child pornography.[1] I part company, however, with my colleagues' conclusion that the error that occurred here not only is amenable to harmless error review but was, in fact, harmless.

What we have before us is akin to the trial judge sending the jury home with the murder weapon in a murder case or heroin in a drug trafficking case: Jarrett was on trial for sending "harmful matter" to a minor, and the trial court allowed the jury to take home copies of the "harmful matter"—exhibits containing more than 60 pages of explicit instant message transcripts and approximately 25 explicit pornographic photographs, some of which allegedly depicted children. Then, the trial court permitted the jury to take the exhibits home on *two subsequent occasions*, once upon the request of a juror. I think

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Of course, "[i]f no such case exists, it is because [the error] contradicts the character of a trial." *Standen v. Whitley*, 994 F.2d 1417, 1422 (1993).

it is obvious that the trial court committed constitutional error, and I am convinced that its error was structural.

The Supreme Court has been clear that certain constitutional errors "defy analysis by 'harmless error' standards." *Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Errors of this type—so-called "structural errors"—cannot "be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." *Fulminante,* 499 U.S. at 308, 111 S.Ct. 1246; *see also United States. v. Gonzalez–Lopez,* —— U.S. ——, ———––——, 126 S.Ct. 2557, 2563–64, 165 L.Ed.2d 409, ———––—— (2006) (noting that "trial errors" are those that both occur during the presentation of evidence *and* can be quantitatively measured).

Although, the error here occurred during the presentation of the evidence, I can discern no reasoned fashion in which to assess *quantitatively* the effect of the trial court's error. When this occurs we are forced to conclude that the error is structural. *See Gonzalez–Lopez,* 126 S.Ct. at 2564 n. 4 ("[A]s we have done in the past, we rest our conclusion of structural error upon the difficulty of assessing the effect of the error"); *Sullivan v. Louisiana,* 508 U.S. 275, 282, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (holding that an error "the consequences of which [we]re necessarily unquantifiable and indeterminate," is certainly a "structural defec[t] in the constitution of the trial mechanism"). Indeed, the very fact that the appellate court is unable to gauge the effect of a trial error, renders that trial "an unreliable vehicle for determining guilt or innocence." *Washington v.*

*Recuenco,* —— U.S. ——, ——, 126 S.Ct. 2546, 2551, 165 L.Ed.2d 466, —— (2006).

Repeatedly allowing the jury to take home highly inflammatory evidence that was the instrumentality of the crime for which Jarrett was on trial constitutes structural error. Although AEDPA prevents relief in the instant case, "federal courts, even on habeas, have an independent obligation to say what the law is." *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring).